

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

December 3, 1973

The Honorable Robert S. Calvert
Comptroller of Public Accounts
Finance Building
Austin, Texas

Opinion No. H- 174

Re:     Determination of basis
        for levy of 4% Motor
        Vehicle Sales Tax

Dear Mr. Calvert:

Your letter requesting our opinion states:

"The terms of Article 6.05 Taxation General
require that the purchaser and seller of a motor
vehicle shall make a joint affidavit stating the con-
sideration paid for a motor vehicle. The amount of
the total consideration serves as the basis for appli-
cation of the 4% Motor Vehicle Sales Tax due to be
paid to the County Tax Assessor-Collector.

"I am advised that at times affidavits are presented
to the Tax Assessor-Collector listing the consideration
of a 1973 automobile, in good condition, as being $100.00.
Although it is ridiculous to think that an arms length deal
has been made at this low figure, the Tax Assessor-
Collector has no means of proving the affidavit to be
untrue. Please advise me if the Tax Assessor-Collector
has a legal right to refuse to accept the price stated on
the affidavit and to require that the Motor Vehicle Sales
Tax be paid on the fair market value of the vehicle."

Article 6.05 is part of Chapter 6 of Title 122a, Taxation-General, Vernon's
Texas Civil Statutes, which deals with motor vehicle retail sales and use taxes.
Article 6.05 provides, in part:

"(1) The purchaser and seller shall make a joint affidavit setting forth the then value in dollars of the total consideration, whether in money or other things of value, received or to be received by the seller or his nominee in a retail sale. . . ."

Neither Article 6.05 nor any other Article in the Chapter now expressly or impliedly provides that the assessor-collector is authorized to determine the correctness of the consideration stated or to take any action if, in his opinion, it is misstated.

Though the tax assessor-collector cannot refuse to accept an affidavit, the purchaser and seller of a motor vehicle cannot make a _false_ affidavit without fear of sanction. If he suspects the affidavit misstates the amount of the sale, he should advise the District Attorney or the Comptroller of his suspicions. Article 6.06, Taxation-General, V.T.C.S., provides for penalties and interest where the tax due on a transaction is incorrectly stated. If the Comptroller determines that the amount of tax due was falsely reported in the affidavit, he is to notify the seller in writing of his determination. The seller may then petition the Comptroller for a redetermination if he wishes, under rules and regulations promulgated by the Comptroller. The "collection" provisions of Chapter 20 of Title 122A (Taxation-General) have been said applicable to amounts due under Article 6.06. See Attorney General Opinion M-913(1971).

Furthermore, both the existing Penal Code (Article 310) and the newly adopted Penal Code to become effective January 1, 1974, (§ 37.02) make false swearing a crime.

## SUMMARY

A county tax assessor-collector has no authority to refuse to accept an affidavit submitted in connection with the motor vehicle sales tax on the ground that it does not correctly state the consideration paid, but the making of a false affidavit may subject its maker to other civil and criminal penalties.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee